[No. 77644-0. En Banc.]
Considered March 9, 2006. Decided April 6, 2006.

*In the Matter of the Recall of* BRYAN H. ROBINSON, *Mayor of Benton City.*

*Dan Deckert*, pro se.

*Joseph M. Burrowes*, for appellant.

*Andrew K. Miller*, *Prosecuting Attorney for Benton County*, and *Ryan K. Brown*, *Deputy*, for respondent.

¶1 OWENS, J. — We must determine whether a petition to recall Benton City Mayor Bryan Robinson contains charges that are factually and legally sufficient. The superior court found that four of the five charges asserted in the petition were sufficient and certified a ballot synopsis. Mayor Robinson directly appealed to this court. We reverse the trial court and dismiss the four remaining charges in the petition.

## FACTS

¶2 On July 29, 2005, Dan Deckert, a resident of Benton City, filed a petition to recall Mayor Robinson. Deckert brought five charges against Mayor Robinson and requested a recall election. In charges one and three, Deckert alleged that the mayor failed to carry out his mayoral duties by failing to sign certain contracts. Specifically, in charge one, Deckert alleged that Mayor Robinson breached his duty by failing to sign a contract with Benton County Fire Protection District No. 2 (BCFD). Similarly, in charge three, Deckert alleged that Mayor Robinson willfully failed to carry out his duties by failing to sign a contract with Mid-Columbia Library District (MCL).

¶3 In charges two and four, Deckert alleged that Mayor Robinson demanded contractual amendments without Benton City Council review and approval. Specifically, in charge two, Deckert alleged that the mayor demanded contractual amendments to the BCFD contract without city

council approval and that he failed to sign the contract initially approved by the city council. Similarly, in charge four, Deckert alleged that Mayor Robinson demanded contractual amendments to the MCL contract and then signed the amended contract without city council review and approval.

¶4 Benton County Superior Court Judge William D. Acey deemed charges one through four legally and factually sufficient but determined a fifth charge was not sufficient to warrant a recall. Mayor Robinson appealed.

ANALYSIS

¶5 The Washington State Constitution allows for the removal of an elected official before the expiration of his or her term through a recall election. Const. art. I, §§ 33-34; RCW 29A.56.110. When recall is sought, the courts serve as gatekeepers to ensure that public officials are not subject to "frivolous or unsubstantiated charges." *In re Recall of Kast*, 144 Wn.2d 807, 813, 31 P.3d 677 (2001) (citing *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984)). Accordingly, in reviewing a recall petition, we apply " 'the same reviewing criteria as the superior court.' " *Id.* (quoting *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 764, 10 P.3d 1034 (2000)). Thus, we consider only "the legal and factual sufficiency of the charges" and not the truthfulness of the charges. *Id.* (citing *Pearsall-Stipek*, 141 Wn.2d at 764). In order to be legally sufficient, the petitioner must "state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Chandler*, 103 Wn.2d at 274. " 'Misfeasance' " and " 'malfeasance' " amount to "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29A.56.110(1). " '[M]isfeasance' " also "means the performance of a duty in an improper manner." RCW 29A.56.110(1)(a). " '[M]alfeasance' " also "means the commission of an unlawful act." RCW 29A.56.110(1)(b). A violation of the oath of office is the "neglect or knowing

failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29A.56.110(2). However, "discretionary acts of a public official are not a basis for recall insofar as those acts are an appropriate exercise of discretion by the official in the performance of his or her duties." *Cole v. Webster*, 103 Wn.2d 280, 283, 692 P.2d 799 (1984).

¶6 In the present case, neither charge one nor charge three is legally sufficient because neither of these charges establish that the mayor's conduct amounted to misfeasance, malfeasance, or violation of the oath of office. Deckert's petition fails to show that Mayor Robinson had a duty to sign the contracts as passed by the city council within a specific time period. Deckert attached RCW 35-.27.160 as authority for the charges; however, this chapter has no bearing on Mayor Robinson's duties because Benton City is an optional code city organized under chapter 35A.12 RCW, not chapter 35.27 RCW. Mayor Robinson "cannot be recalled for appropriately exercising the discretion granted him . . . by law." *Chandler*, 103 Wn.2d at 274. Here, the mayor's statutory duties are delineated in RCW 35A.12.100, which grants the mayor broad authority in the "general supervision of the administration of city government and all city interests." As such, the mayor had general statutory authority to oversee the drafting and execution of the contracts. In addition, the mayor's delay in signing the contracts was not unreasonable because neither contract was final when the city council passed the motions to enter into them.

¶7 The recall petition also fails to establish the legal sufficiency of charges two and four because the mayor's assistance in drafting the contracts was a reasonable exercise of his mayoral discretion. As in charges one and three, the mayor's assistance in drafting the contracts at issue in charges two and four was within his broad statutory authority under RCW 35A.12.100. Deckert's petition cites no applicable authority requiring Mayor Robinson to refrain from negotiating with parties who contract with the city. In fact, his mayoral duties require him to "see that all

contracts and agreements made with the city or for its use and benefit are faithfully kept and performed." RCW 35A-.12.100. Thus, the mayor's reasonable exercise of discretion in negotiating the contracts is not a legally sufficient reason for recall.

## CONCLUSION

¶8 Petitioner Deckert failed to establish legal sufficiency on any of the charges because Mayor Robinson's actions were a reasonable exercise of his mayoral discretion. Thus, we reverse the superior court and dismiss the remaining charges in the recall petition.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, FAIRHURST, and J.M. JOHNSON, JJ., concur.